21 F.3d 419
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Eugene Henry ABASIRI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent. ON
PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF
IMMIGRATION APPEALS
 No. 93-1633
 United States Court of Appeals,
First Circuit.
 March 25, 1994
 
 Maurice P. Mason, Jr. on brief for petitioner.
 Frank W. Hunger, Assistant Attorney General, Richard M. Evans, Assistant Director, and C. William Lengacher, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, on brief for respondent.
 B.I.A.
 DISMISSED
 Before Breyer, Chief Judge, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 This is a petition for review of a decision of the Board of Immigration Appeals. The Board affirmed the decision of an immigration judge ordering deportation made during an in absentia hearing.
 
 I.
 
 2
 Petitioner, Eugene Henry Abasiri, entered the United States in 1981 on a student visa. In 1984, he agreed to his removal from this country after being charged with violating the conditions of his student visa (he had ended up going to school part-time and working part-time). The form he signed specified that he was prohibited from re-entering the United States for five years absent permission from the Attorney General. Nonetheless, Abasiri obtained a visa and returned in 1985.
 
 
 3
 He then married a United States citizen and applied for an adjustment of his status to that of a permanent resident under Sec. 245 of the Immigration and Nationality Act, 8 U.S.C. Sec. 1255. This request for permanent residence was denied and, in December 1987, the INS issued an order to show cause why Abasiri should not be deported under Sec. 241(a)(1), 8 U.S.C. Sec. 1251(a)(1), based on the fact that when he re-entered the United States in 1985 he was among the class of aliens excludable as a matter of law. His excludability, in turn, was based on Sec. 212(a)(17), 8 U.S.C. Sec. 1182(a)(17), as an alien who had failed to obtain permission to return from the Attorney General.
 
 
 4
 At the first hearing in May 1988, Abasiri's attorney admitted the allegations in the show cause order and conceded Abasiri's deportability. Counsel then withdrew and Abasiri appeared pro se at a hearing in May 1989. At this time, an extension of time was granted and the immigration judge warned Abasiri that Abasiri would have to obtain a new lawyer or appear at the next hearing prepared to go forward on his own. After securing new counsel, a hearing was held in December 1989 at which counsel stated that she would pursue applications for adjustment of status and for advanced permission to return to an unrelinquished domicile. To enable counsel to present evidence about Abasiri's family and his moral character, the hearing was adjourned until 1:00 p.m. on November 19, 1990.
 
 
 5
 However, on November 8, 1990, counsel filed a motion to withdraw based on the breakdown of the attorney-client relationship. In her motion, counsel stated that, in a June 1990 conversation and in a letter dated September 1990, she had informed Abasiri that she wanted to withdraw from the case and that she had conveyed to Abasiri the serious consequences that might follow should he not show up at the November 19th hearing. She also stated that Abasiri had spoken to another attorney regarding representation.
 
 
 6
 The hearing began at 1:00 p.m. on November 19th. At 1:35 p.m., the immigration judge noted Abasiri's absence. He also stated that Abasiri could not be found in the waiting room or in the adjoining hall and that no one had heard from Abasiri or anyone else on his behalf. On request of the INS, and after noting that Abasiri had been provided with adequate notice of the hearing, the judge agreed to an in absentia hearing. He then found Abasiri deportable under Secs. 241(a)(1) and 212(a)(17)-the original charges on which Abasiri had conceded deportability. The judge stated that he viewed Abasiri's "failure to appear as an abandonment of any applications for relief that were before this Court."
 
 
 7
 Abasiri then secured a third attorney who filed an appeal from the decision of the immigration judge ordering him deported. According to the INS, no briefs were filed. Thus, the only reason given was stated on the notice of appeal form: "Appellant was under the mistaken impression that he was represented by prior Counsel on 11/19/90 and as a result he did not appear at that hearing." The Board dismissed the appeal. It held that Abasiri's "mistaken impression" concerning continuing representation by prior counsel did not provide "reasonable cause" for his failure to appear at the November 19th hearing.
 
 II.
 
 8
 The law concerning in absentia hearings is contained in 8 U.S.C. Sec. 1252(b):
 
 
 9
 If any alien has been given a reasonable opportunity to be present at a proceeding under this section, and without reasonable cause fails or refuses to attend ... such proceeding, the special inquiry officer may proceed to a determination in like manner as if the alien were present.
 
 
 10
 We review a decision of the Board which affirms a deportation order made during an in absentia hearing for abuse of discretion. See Thomas v. INS, 976 F.2d 786, 789 (1st Cir. 1992) (per curiam). That is, only if the decision " 'was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis,' " will we reverse the Board. See Leblanc v. INS, 715 F.2d 685, 693 (1st Cir. 1983) (citation omitted).
 
 
 11
 We believe that the outcome of this appeal is controlled by Thomas. In Thomas, petitioner and his attorney appeared thirty minutes late for a deportation hearing. This occurred due to confusion over where they were to meet prior to the hearing. The immigration judge, after waiting twenty minutes, ordered the deportation of petitioner in absentia. When Thomas and his attorney appeared ten minutes later, the judge refused to hear the matter even though he had scheduled two hours for the hearing.
 
 
 12
 We held that the Board's decision was not "arbitrary, capricious, or an abuse of discretion." See 976 F.2d at 789. We emphasized that both petitioner and his counsel had received notice of the hearing over five months prior to its scheduled date. Further, there was no evidence that counsel had notified the judge's chambers that they would be late, nor had petitioner, who was waiting at the courthouse, entered the courtroom to announce his presence.
 
 
 13
 Abasiri argues on appeal that "reasonable cause" for his failure to appear exists based on "miscommunication" with his prior lawyer. In an affidavit, appended to Abasiri's brief, he first admits that he received a letter from counsel on September 12, 1990 informing him that she would no longer represent him. However, he then states that he called her and during the course of the phone call he "believed" that she would continue as his lawyer. He represents that he did appear for the hearing but left before it commenced because counsel was not there. Had he known that she was not coming, he concludes, he would have retained a lawyer to represent him at the hearing.
 
 
 14
 The first problem with this argument is that most of these facts were not presented to the Board. As such, they are waived. See Thomas, 976 F.2d at 789; Alleyne v. INS, 879 F.2d 1177, 1182 (3d Cir. 1989) (issues not presented to the Board may not be raised for first time in petition for review). Thus, the only question is whether his "mistaken impression" concerning the status of his attorney-client relationship meets the "reasonable cause" standard.
 
 
 15
 We do not think that, under our decision in Thomas, Abasiri has demonstrated reasonable cause. According to counsel's motion to withdraw, she apprised Abasiri of the date and time of the next hearing and "fully informed [him] of the importance of appearing at this hearing and the consequence of his failure to do so." Further, as Abasiri had appeared pro se at an earlier hearing when he was "between" counsel, it is reasonable to have expected him to do likewise on November 19th. Finally, unlike Thomas, where counsel and petitioner actually appeared at the hearing albeit late, Abasiri made no effort to even notify the judge's chambers concerning the reason for his absence. "An in absentia deportation is legitimate if the alien had a reasonable opportunity to be present and failed to provide reasonable cause for his absence." Maldonado-Perez v. INS, 865 F.2d 328, 333 (D.C. Cir. 1989); Sewak v. INS, 900 F.2d 667, 672 (3d Cir. 1990) (alien may not complain if he has notice of the hearing and voluntarily fails to appear). Here, Abasiri received adequate notice and his failure to appear was without reasonable cause. Thus, the Board did not abuse its discretion in dismissing Abasiri's appeal.
 
 
 16
 Because this petition for review does not present a substantial question, we summarily dismiss it. See Local Rule 27.1.